UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLOMON JAMES MICHAEL ANDREWS,<br><br>        Plaintiff,<br><br>    v.<br><br>RN RUSSO, et al.,<br><br>        Defendants. | No. 2:18-cv-2891 DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants failed to provide appropriate medical care. Before the court is plaintiff's first amended complaint ("FAC") for screening. For the reasons set forth below, the court dismisses the complaint with leave to amend.

**SCREENING**

**I.    Legal Standards**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the

1

deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.     Analysis**

    **A. Allegations of the FAC**

Plaintiff is an inmate at North Kern State Prison ("NKSP"). He complains of conduct that occurred when he was confined at Solano State Prison ("SSP"). (ECF No. 11.) Plaintiff identifies the following defendants: (1) RN Russo; (2) Sergeant D. Dong Yan; and (3) Lieutenant L. Daub.

Plaintiff states that on July 14, 2018, he was in an altercation with another inmate that caused him to sustain an injury above his right eye. He contends that defendant Russo refused to provide plaintiff medical treatment unless he took off his pants. Plaintiff refused to take off his pants and "ignored" Russo. Plaintiff then told defendant Dong Yan that Russo refused to provide him medical care unless he took off his pants. Dong Yan told plaintiff he would be sent to administrative segregation ("ad seg").

Defendant Daub read plaintiff the lock up order and took him to ad seg. When plaintiff told Daub he did not get any medical treatment, Daub responded that he would get some. However, plaintiff was not seen by a doctor until he arrived at NKSP. For relief, plaintiff seeks an injunction requiring he be seen by an eye specialist.

    **B.  Does Plaintiff State a Cognizable Claim under § 1983?**

To state a claim that defendants were deliberately indifferent to his serious medical need, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). However, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff fails to allege facts showing that his medical need was serious or that defendants acted with deliberate indifference. Plaintiff states only that he had a lump over his right eye when he was seen by Russo on July 14, 2018. As a result, plaintiff states that he developed "floaters" in his right eye and still has a lump on his head. It is not clear from this description that plaintiff's need for medical care at the time he saw Russo was "serious" or that Russo should have known that the failure to provide him care at that time could result in further significant injury or pain.

Further, plaintiff does not establish that Russo caused him any harm or was deliberately indifferent. The gist of plaintiff's complaint is that he felt Russo's request that he remove his pants was unreasonable. Plaintiff then refused to comply with that request and "ignored" Russo. Even if Russo's request was not medically necessary, that does not establish that he was

3

deliberately indifferent to plaintiff's medical needs in making that request. Plaintiff fails to state a claim against defendant Russo.

With respect to defendants Dong Yan and Daub, plaintiff fails to show that they had medical training and would have known that plaintiff's medical need was serious. It appears that Dong Yan required plaintiff go to ad seg because he refused to comply with Russo's request. Again, plaintiff was the cause of the lack of medical care in this situation. Further, the simple fact that defendant Daub took plaintiff to ad seg and told him he would get medical attention does not mean that Daub had authority to provide plaintiff medical attention or that he was otherwise deliberately indifferent to plaintiff's medical needs.

Plaintiff fails to state cognizable claims against any defendant. As described above, plaintiff cannot state claims based on his own refusal to cooperate with requests by medical personnel. Plaintiff does not have the right to choose how a medical exam is conducted. The court finds plaintiff's only possible claim might be against officers who continued to refuse him medical care after he was taken to ad seg. Plaintiff has made no such showing in his FAC.

### C. No Injunctive Relief

Plaintiff seeks only injunctive relief – an order requiring someone to do something. As plaintiff was informed previously, because he is no longer incarcerated at SSP, injunctive relief is not appropriate. Plaintiff may only seek injunctive relief when defendants have authority over him. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975). If plaintiff wishes to proceed with this case, he must seek other relief.

### D. Filing an Amended Complaint

If plaintiff wishes to continue with this action, he must file an amended complaint that clearly identifies each defendant and the action that defendant took that violated his constitutional rights. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

////

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 11) is dismissed with leave to amend.

////

5

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, will result in a recommendation that this case be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  February 1, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/andr2891.FAC scrn