| | |
|---|---|
| SOLOMON JAMES MICHAEL ANDREWS, | No. 2:18-cv-2891 TLN DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RN RUSSO, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants failed to provide appropriate medical care. Plaintiff filed his original complaint in October 2018. (ECF No. 1.) On screening, this court found plaintiff stated no claims potentially cognizable under § 1983. (ECF No. 8.) This court gave plaintiff leave to amend. On January 22, 2019, plaintiff filed a first amended complaint. (ECF No. 11.) Again, on screening, this court found no cognizable claims. (Feb. 4, 2019 Order (ECF No. 12).) Plaintiff was given leave to file a second amended complaint. He was also provided a copy of the form for prisoner civil rights complaints used in this district. This court advised plaintiff that if he failed to file a second amended complaint within the thirty days provided or otherwise failed to respond to the court's order, this court would recommend this action be dismissed.

By March 15, 2019, plaintiff had not filed a second amended complaint or any other document responsive to the court's February 4, 2019 order. The court recommended this action be dismissed for plaintiff's failure to comply with court orders. (ECF No. 14.) On April 8, 2019, plaintiff filed a document indicating that he wished to file a second amended complaint. (ECF No. 15.) The court then vacated its March 15 findings and recommendations and ordered plaintiff to file a second amended complaint within 20 days. (Apr. 12, 2019 Order (ECF No. 16).) This court again warned plaintiff that if he failed to file a timely second amended complaint, this court would recommend this action be dismissed.

In a document filed here on May 6, 2019, plaintiff appears to be attempting to file an amended complaint. (ECF No. 17.) However, plaintiff adds nothing to the claim he previously raised. Plaintiff's allegation is simply that medical personnel did not treat him for a head injury because he refused to remove his pants. As plaintiff was informed twice previously, that allegation is insufficient to establish that defendants were deliberately indifferent to plaintiff's serious medical needs. (See ECF Nos. 8, 12.) Plaintiff cannot state a claim based on his own refusal to cooperate with requests by medical personnel.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim under 42 U.S.C. § 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 24, 2019

DLB:9
DLB1/prisoner-civil rights/andr2891.fr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

2